IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MEISSNER CHEVROLET GEO-OLDSMOBILE, INC. d/b/a MEISSNER CHEVROLET MEGASTORE | : : : : | CIVIL ACTION NO. 07-2674 |
| v. | : : | |
| ROTHROCK CHEVROLET, INC., JAMES FOX, STEPHEN DICK, and NANCY LARKIN | : : : | |

O'NEILL, J.                                                                                           OCTOBER 23, 2007

## MEMORANDUM

On June 26, 2007 plaintiff filed a complaint against defendants alleging various violations of federal and state law: (1) Count I alleges misappropriation of trade secrets in violation of the Pennsylvania Uniform Trade Secrets Act, 12 Pa. Cons. Stat. §§ 5301 et seq.; (2) Count II alleges trade libel and common law commercial disparagement; (3) Count III alleges common law unfair competition; (4) Count IV alleges breach of duty of loyalty; (5) Count V alleges tortious interference with existing and prospective contractual and business relationships; (6) Count VI alleges conversion; (7) Count VII alleges a violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; (8) Count VIII alleges unjust enrichment; (9) Counts IX and X allege violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c) & (d); (10) Count XI alleges civil conspiracy; (11) Count XII alleges vicarious liability and respondeat superior; and (12) Count XIII requests preliminary and permanent injunction.  Before me now are defendants' motion to dismiss Counts II, V, IX, X, XI, XII and XIII of plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and plaintiff's response.

1

BACKGROUND

Plaintiff Meissner Chevrolet Geo-Oldsmobile, Inc., a Pennsylvania corporation with a principal place of business in Philadelphia, Pennsylvania, is an automotive dealership. Defendant Rothrock Chevrolet, Inc., a Pennsylvania corporation with a principal place of business in Springfield, Pennsylvania, is also an automotive dealership. Individual defendants James Fox, Stephen Dick and Nancy Larkin are automotive salespersons and former employees of plaintiff. Specifically, plaintiff employed defendant Fox from June 8, 2005 to April 2, 2007; defendant Dick from January 19, 2004 to May 25, 2007; and defendant Larkin from August 1, 2005 to June 4, 2007. While employed by plaintiff, individual defendants were provided with an employee handbook, which contained a provision entitled, "Protecting Company Information." That provision provided:

> All customer and prospect information that you receive in the course of your employment remains the exclusive property of this dealership. When you terminate your employment with us, you are required to return all such information to your manager. You are also required, as a condition of your employment here, to agree that you will not use any customer information that you obtain here in subsequent employment.

Plaintiff also alleges that it maintains a rigorous and detailed information security program to safeguard, maintain and insure the security and confidentiality of its customer information.

Upon plaintiff's information and belief, individual defendants Fox, Dick and Larkin currently work for defendant Rothrock. Plaintiff alleges that individual defendants took, stole, converted and misappropriated plaintiff's trade secrets – including but not limited to customer addresses, customer telephone numbers, customer email addresses, customer social security numbers and customer employment information – after leaving plaintiff's employ to further their

2

business purposes and those of defendant Rothrock.  While in plaintiff's employ individual defendants had access to the alleged trade secrets through plaintiff's computer system and/or paper records.  Plaintiff alleges that after leaving plaintiff's employ individual defendants used plaintiff's trade secrets to contact and solicit business from plaintiff's customers on behalf of defendant Rothrock.  Plaintiff's complaint cites to solicitation letters sent by individual defendants under Rothrock letterhead to plaintiff's customers.  The solicitation letters allegedly stated that individual defendants could offer more to customers at defendant Rothrock, plaintiff is not a great dealership that prides itself on customer service, plaintiff is not rated in the top ten dealerships in its zone for customer service, and Rothrock's selection of new and used vehicles is better than plaintiff's.  Upon learning of these solicitation letters plaintiff made multiple attempts to retrieve customer information and data from individual defendants and defendant Rothrock.

Plaintiff alleges that it has sustained and will continue to sustain irreparable, substantial and serious damages by reason of the alleged misappropriation and use of plaintiff's trade secrets.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In ruling on a 12(b)(6) motion, I must accept as true all well-pleaded allegations of fact, and any reasonable inferences that may be drawn therefrom, in plaintiff's complaint and must determine whether "under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief."  Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citations omitted).  Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though

plaintiffs' obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted).  A well-pleaded complaint may proceed even if it appears "that recovery is very remote and unlikely." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  When considering a Rule 12(b)(6) motion, I do not "inquire whether the plaintiff[] will ultimately prevail, only whether [he is] entitled to offer evidence to support [his] claims."  Nami, 82 F.3d at 65, citing Scheuer, 416 U.S. at 236.

## DISCUSSION

Defendants contend that Counts II, V, IX, X, XI, XII and XIII of plaintiff's complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  I will defer judgment as to Counts II and XI of plaintiff's complaint.  However, I will dismiss Counts V, IX, X, XII and XIII of plaintiff's complaint.

I.      Count V – Tortious Interference with Existing and Prospective Business Relations

Under Pennsylvania law, a cause of action for tortious interference with contractual relations has the following elements:

> (1) the existence of a contractual, or prospective contractual relation between the complainant and a third party; (2) purposeful action on the part of the defendant, specifically intended to harm the existing relation, or to prevent a prospective relation from occurring; (3) the absence of privilege or justification on the part of the defendant; and (4) the occasioning of actual legal damage as a result of the defendant's conduct.

CGB Occupational Therapy, Inc. v. RHA Health Servs. Inc., 357 F.3d 375, 384 (3d Cir. 2004).

"To establish a claim of tortious interference with existing contracts, plaintiffs must prove that the defendants intentionally and improperly interfered with their performance of contracts with third persons. To prove their claims of tortious interference with prospective contractual relations, plaintiffs likewise must prove, *inter alia*, the existence of prospective contracts." Alvord-Polk, Inc. v. F. Schumacher & Co., 37 F.3d 996, 1014-15 (3d Cir. 1994) (citations omitted). "A prospective contract is something less than a contractual right, something more than a mere hope; it exists if there is a reasonable probability that a contract will arise from the parties' current dealings." Id. at 1015 (citations and quotation marks omitted). In other words, "[a] previous business relationship does not ensure a future relationship. The prospective customer must have at least reached an understanding or agreement with the plaintiff to establish a prospective business relationship." Diamond Triumph Auto Glass, Inc. v. Safelite Glass Corp., 441 F. Supp. 2d 695, 716 (M.D. Pa. 2006) (citations and internal quotation marks omitted).

      In their motion to dismiss defendants argue that plaintiff does not allege that there was an existing or prospective contractual relationship between plaintiff and the customers whose information allegedly was misappropriated. I agree. In its complaint plaintiff identifies three former customers who were contacted by defendants yet does not allege that it has an existing contractual relationship with those individuals. There is no allegation that defendants interfered with the performance of any contract. Plaintiff also does not allege any current dealings from which there is a reasonable probability that a contract will arise. In its response brief plaintiff argues that it "has alleged facts that would give rise to a reasonable probability that particular anticipated contracts (motor vehicle sales agreements and contracts for service) would have been entered into." "Anticipated contracts" with former customers constituted nothing more than a

5

mere hope of future dealings.

Because plaintiff has not alleged the existence of a contractual or prospective contractual relation between the complainant and a third party, plaintiff fails to state a claim for tortious interference with existing and prospective business relations. I will grant defendants' motion to dismiss with respect to Count V of plaintiff's complaint.

II.     Counts IX and X – Plaintiff's RICO Claims

To state a claim under 18 U.S.C. § 1962(c) & (d), plaintiff must allege that defendants engaged in a "pattern of racketeering activity." The Court of Appeals has enumerated six factors to be used in determining whether a RICO pattern has been established: (1) the number of unlawful acts; (2) the length of time over which the acts were committed; (3) the similarity of the acts; (4) the number of victims; (5) the number of perpetrators; and (6) the character of the unlawful activity. Tabas v. Tabas, 47 F.3d 1280, 1292 (3d Cir. 1995), citing Barticheck v. Fidelity Union Bank, 832 F.2d 36 (3d Cir.1987).

The Supreme Court analyzed the requirements of civil RICO in its opinion H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229 (1989). The Court examined the statute and its legislative history in an attempt to determine the elements of the pattern requirement and concluded that "to prove a pattern of racketeering activity a plaintiff must show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." Id. at 239. Racketeering predicates include plaintiff's allegations of mail and/or wire fraud, interstate transportation and receipt of converted goods. 18 U.S.C. § 1961(1). Predicate acts are related if they "have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are

not isolated events." H.J., Inc., 492 U.S. at 240.  In H.J. Inc., the Supreme Court described continuity as "both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." Id., quoted in Tabas, 47 F.3d at 1292.  "Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement: Congress was concerned in RICO with long-term criminal conduct.  Often a RICO action will be brought before continuity can be established in this way.  In such cases, liability depends on whether the threat of continuity is demonstrated." Id. at 242.  As to single versus multiple schemes, the Supreme Court noted that the word "scheme" is not found in the RICO statute and indeed that what constitutes a "scheme" is to be found "in the eye of the beholder, since whether a scheme exists depends on the level of generality at which criminal activity is viewed." Id. at 241 &  n.3.

  I find that plaintiff has not alleged a pattern of racketeering activity sufficient to state claims under § 1961(c) & (d).  Plaintiff cannot establish continuity as a closed-ended concept, as in its complaint plaintiff alleged expressly that the "pattern of racketeering activity continued for at least the spring of 2007 to the present."  Plaintiff cannot avoid this allegation presently by suggesting in its brief that defendants engaged in such activities sufficiently prior to the spring of 2007.  There is no allegation that all alleged activities extended over more than a few months.  Plaintiff also cannot establish continuity as an open-ended concept, as plaintiff is the sole alleged victim and defendants are the only perpetrators.  As plaintiff does not allege threat of repetition with respect to the number of unlawful acts, the number of victims and the number of perpetrators, I do not find that plaintiff's allegations demonstrate a threat of long-term criminal conduct; the realm of conduct is clearly constrained by the players in the alleged scheme.

III.     Counts XII and XIII – Vicarious Liability and Respondeat Superior and Preliminary and Permanent Injunction

Plaintiff does not contest dismissal of Counts XII and XIII of its complaint, and accordingly Count XII and Count XIII of plaintiff's complaint shall be dismissed.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MEISSNER CHEVROLET GEO-OLDSMOBILE, INC. d/b/a MEISSNER CHEVROLET MEGASTORE | : : : : | CIVIL ACTION NO. 07-2674 |
| v. | : : | |
| ROTHROCK CHEVROLET, INC., JAMES FOX, STEPHEN DICK, and NANCY LARKIN | : : : | |

**ORDER**

AND NOW, this 23rd day of October 2007, upon consideration of defendants' motion to dismiss Counts II, V, IX, X, XI, XII and XIII of plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and plaintiff's response, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that defendants' motion is GRANTED with respect to Counts V, IX, X, VII and VIII of plaintiff's complaint. Counts V, IX, X, VII and VIII of plaintiff's complaint are DISMISSED. Judgment is DEFERRED with respect to the remaining Counts II and XI.

                s/Thomas N. O'Neill, Jr.
                THOMAS N. O'NEILL, JR., J.